UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| A. T. by next friend, Christopher Tewell, father, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | No. 1:19-cv-01260-JRS-MJD |
| MARION COUNTY DEPT. OF CHILD SERVICES, VIRGINIA HICKS Assessment Case Manager, in official and individual capacities, JAMICA TUCKER Assessment Case Manager, in official and individual capacities, VIVIAN TODD-SCOTT Family Case Manager, in official and individual capacities, ROCHEENA WRIGHT Family Case Manager Supervisor, in official and individual capacities, BETH DICKERSON Branch Director, in official and individual capacities, TERRY STIGDON Director Indiana Dept of Child Services, in official and individual capacities, WILBERT L. WALTON Family Case Manager, in official and individual capacities, IAN MULLER Lead MCDCS attorney, in official and individual capacities, | | |
| Defendants. | | |

**Order**

Plaintiff A.T. by her next friend Christopher Tewell, father, commenced this action by filing a complaint against the Marion County Department of Child Services, alleging violation of rights under the U.S. Constitution and other federal laws. (ECF No. 1.) The complaint claims that the Department of Child Services by Family Case

Manager Jamica Tucker unlawfully entered the Tewell home and wrongfully removed A.T. Exhibits attached to the complaint indicate that on November 13, 2018, the Indiana Department of Child Service ("DCS") received a report that A.T., E.W., and J.F., were minor victims of neglect due to domestic violence. Mr. Tewell, A.T.'s father, was identified as the alleged perpetrator.[1] The exhibits include a Summons and Notice of Rights from the Marion Superior Court in Cause Number 49D09-1812-JC-003120, dated December 27, 2018, which states that a Verified Petition in the case claims A.T. is a child in need of services ("CHINS"). (Complaint, Ex. C, ECF No. 1-1 at 18.) A.W. was placed in in-home CHINS with her mother. (Complaint, Ex. E, ECF No. 1-1 at 25.) Also included as exhibits are several filings by Mr. Tewell and orders issued in the Marion Superior Court case, challenging actions taken in the CHINS proceedings. (Complaint Ex. F, ECF No. 1-1 at 35, 37–60.) The most recent order of which was issued on March 8, 2019, and set a hearing for March 20, 2019. (ECF No. 1-1 at 40.) Mr. Tewell takes issue with DCS's compliance with state law and its own policies governing CHINS proceedings. He has moved to dismiss the CHINS proceedings; his motion was denied by the Marion Superior Court. (*Id.*) This action was filed in this federal court on March 28, 2019.

Mr. Tewell has filed several motions: Emergency Petition for Writ of Habeas Corpus and Temporary Restraining Order (ECF No. 3), Plaintiff's Motion Requesting Counsel for Minor Child (ECF No. 5), Plaintiff's Emergency Motion for Hearing (ECF No. 7), and Motion for Leave to File Amended Complaint (ECF No. 9).

---

[1] A.T. is identified in some of the exhibits as A.W but they are one and the same person. For consistency, the Court uses the initials from the complaint.

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction, it must proceed no further." *State of Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998). Under the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971), federal courts are required "to refrain from exercising jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1071 (7th Cir. 2018), *petition for cert. filed* (U.S. Mar. 13, 2019). The doctrine originally required abstention in cases in which a criminal defendant sought a federal injunction to stay or enjoin state court proceedings. *See* 401 U.S. at 40–41; *Courthouse News Serv.*, 908 F.3d at 1071. However, the Supreme Court extended the doctrine to civil proceedings "in which the state's interests are so important that exercise of federal judicial power over those proceedings would disregard the comity between the states and federal government." *Courthouse News Serv.*, 908 F.3d at 1071.

That is the case here. In CHINS proceedings, "the law recognizes the state's interest in protection of children . . . ." *Millspaugh v. Wabash Cty. Dep't of Pub. Welfare*, 746 F. Supp. 832, 848 (N.D. Ind. 1990), *aff'd*, 937 F.2d 1172 (7th Cir. 1991). The complaint seeks review in this federal court of decisions made in an Indiana state court CHINS proceeding to which A.T. and Mr. Tewell are parties. This Court does not have jurisdiction to review those state court proceedings, even though it is alleged that the proceedings deprived Mr. Tewell of his federal rights. *See, e.g.*, *Ritter v. Ross*, 992 F.2d 750 (7th Cir. 1993).

The Court concludes that it lacks subject-matter jurisdiction over this action and this action therefore should be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B).

This would be reason enough to require denial of all of Mr. Tewell's other motions. However, because Mr. Tewell is proceeding *pro se* and will be given an opportunity to cure the deficiencies in his pleading if he can do so, the Court will address his other motions. Because the Emergency Petition for Writ of Habeas Corpus and Temporary Restraining Order (ECF No. 3) also seeks to interfere with ongoing state proceedings, it must be **denied**. No hearing on that motion is necessary, so the Emergency Motion for Hearing (ECF No. 7) is **denied**.

"[A]n individual may appear in the federal courts only *pro se* or through counsel." *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (citing 28 U.S.C. § 1654). Thus, as a general rule, "a next friend may not, without the assistance of counsel, bring suit on behalf of a minor party." *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010). Mr. Tewell does not have the authority to litigate *pro se* on behalf of his minor children. Therefore, his Motion Requesting Counsel for Minor Child (ECF No. 5) must be **denied**. Besides, he has not demonstrated that he has made a reasonable effort to secure counsel on his own—another reason to deny the motion. *See Farmer v. Haas*, 990 F.2d 319, 321 (7th Cir. 1993).

Mr. Tewell seeks leave to file an amended complaint, but the proposed amended complaint suffers from several fatal flaws and leave to amend may be denied where the amendment fails to state a cognizable claim. *See Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014). For example, Mr. Tewell seeks to add his other

minor children as plaintiffs; as explained, he lacks authority to do so unless they are represented by counsel. Moreover, the amended complaint, like the original complaint, seeks to interfere with the ongoing state court CHINS proceedings, and the Court lacks subject matter jurisdiction over such claims.

## Conclusion

For the reasons stated, the Emergency Petition for Writ of Habeas Corpus and Temporary Restraining Order ([ECF No. 3](ECF No. 3)) is **denied**, the Motion Requesting Counsel for Minor Child ([ECF No. 5](ECF No. 5)) is **denied**, the Emergency Motion for Hearing ([ECF No. 7](ECF No. 7)) is **denied**, and the Motion for Leave to File Amended Complaint ([ECF No. 9](ECF No. 9)) is **denied**.

Nonetheless, Mr. Tewell shall have **through April 30, 2019**, to file an amended complaint that corrects the deficiencies noted above or otherwise show cause why this action should not be dismissed for lack of subject matter jurisdiction. In doing so, he must clearly identify the federal constitutional or statutory provision(s) giving rise to his claims. Failure to do so in the time allowed will result in the dismissal of this action without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 4/11/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

A. T.
c/o Christopher Tewell
3562 W. 16th St.
Indianapolis, IN 46222