UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER TEWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-01260-JRS-MJD |
| | ) |
| | ) |
| MARION COUNTY DEPT. OF CHILD | ) |
| SERVICES, | ) |
| VIRGINIA HICKS Assessment Case Manager, in official and individual capacities, | ) |
| JAMICA TUCKER Assessment Case Manager, in official and individual capacities, | ) |
| VIVIAN TODD-SCOTT Family Case Manager, in official and individual capacities, | ) |
| ROCHEENA WRIGHT Family Case Manager Supervisor, in official and individual capacities, | ) |
| BETH DICKERSON Branch Director, in official and individual capacities, | ) |
| TERRY STIGDON Director Indiana Dept of Child Services, in official and individual capacities, | ) |
| WILBERT L. WALTON Family Case Manager, in official and individual capacities, | ) |
| IAN MULLER Lead MCDCS attorney, in official and individual capacities, | ) |
| | ) |
| Defendants. | ) |

**Amended Order Addressing *Younger* Abstention**

Christopher Tewell has filed an Amended Complaint against the Marion County Department of Child Services, alleging that Defendants violated his rights under the U.S. Constitution and other federal laws by removing his minor children from his home. (ECF No. 1.) Tewell seeks declaratory relief and money damages.

The Court's Order entered April 11, 2019 treated *Younger* abstention as equivalent to a lack of subject matter jurisdiction (ECF No. 12), which was in error. *Younger* concerns whether a court should exercise the jurisdiction that it has over a party's claims. See *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 626 (1986); ("*Younger* abstention . . . does not arise from lack of jurisdiction . . . but from strong policies counseling against the exercise of such jurisdiction where particular kinds of state proceedings have already been commenced"); *Kendall-Jackson Winery, Ltd. v. Branson*, 212 F.3d 995, 997 (7th Cir. 2000) (noting *Dayton Christian Schools* "rejected a contention that district courts lack jurisdiction whenever they should have abstained"). *Younger* abstention "is an exception to the general rule that federal courts must hear and decide cases within their jurisdiction." *Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

In deciding whether *Younger* abstention is appropriate, courts consider whether (1) there is "an ongoing state judicial proceeding"; (2) "the proceedings implicate important state interests"; and (3) "there [is] an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). *Younger* has two exceptions: (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975), and (2) where the case involves extraordinary circumstances that the plaintiff will suffer "great, immediate, and irreparable" injury, *Moore v. Sims*, 442 U.S. 415, 433 (1979).

Tewell seeks relief concerning the custody and placement of his children. The original complaint shows that there are ongoing state court Child in Need of Services ("CHINS") proceedings in the Marion Superior Court, Cause Number 49D09-1812-JC-003120, concerning the custody and placement of Tewell's children. The proceedings implicate important state interests in the health and welfare of children. *See, e.g.*, *Millspaugh v. Wabash Cty. Dep't of Pub. Welfare*, 746 F. Supp. 832, 848 (N.D. Ind. 1990), *aff'd*, 937 F.2d 1172 (7th Cir. 1991). Tewell has an adequate opportunity in the CHINS proceedings to raise his constitutional claims. *See Brunken v. Lance*, 807 F.2d 1325, 1331 (7th Cir. 1986) ("[S]tate courts are just as able to enforce federal constitutional rights as federal courts.") (quoting *Middlesex Cty. Ethics Comm'n*, 457 U.S. at 431); *see also Hatch v. Ind. Dep't of Child Servs.*, Cause No. 1:17-CV-357-TLS, 2018 WL 1725883 (N.D. Ind. April 9, 2018) (abstaining from exercising jurisdiction in action alleging defendants took custody of plaintiff's child in violation of his constitutional rights). *Younger* abstention is appropriate and there is no indication that either of its exceptions applies in this case. Moreover, the Supreme Court held that *Younger* abstention applies to claims for declaratory relief. *Samuels v. Mackell*, 401 U.S. 66 (1971).

"[W]hen *Younger* requires equitable arguments to be presented to state courts, claims for monetary relief also are stayed—but should not be dismissed outright if the claims for damages cannot be redressed in the state proceeding." *Nelson v. Murphy*, 44 F.3d 497, 503 (7th Cir. 1995). Therefore, the Court stays the claims for damages because Plaintiff is not able to present a claim for damages in the state court

3

CHINS proceeding. See Rangel v. Reynolds, No. 4:07-CV-20 AS, 2007 WL 1189356, at *3 (N.D. Ind. April 18, 2007).

Accordingly, the Court will abstain from interfering in the ongoing state CHINS proceedings and **DISMISSES** Plaintiff's claims for declaratory relief and **STAYS Plaintiff's** claims for damages until after completion of the state court CHINS proceeding. Plaintiff is **ORDERED** to notify the Court within thirty days of the completion of the state court CHINS proceedings.

The Clerk is **directed to correct the docket** to reflect that the Amended Complaint is brought by Plaintiff Christopher Tewell and Valerie Kincy, Supervisor has been added as a defendant.

**SO ORDERED.**

Date: 5/16/2019

*[signature]*
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Christopher Tewell
3562 W. 16th St.
Indianapolis, IN 46222