UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER TEWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-01260-JRS-MJD |
| | ) | |
| MARION COUNTY DEPT. OF CHILD SERVICES, | ) | |
| VIRGINIA HICKS, | ) | |
| JAMICA TUCKER, | ) | |
| VIVIAN TODD-SCOTT, | ) | |
| ROCHEENA WRIGHT, | ) | |
| BETH DICKERSON, | ) | |
| TERRY STIGDON, | ) | |
| WILBERT L. WALTON, | ) | |
| IAN MULLER, | ) | |
| VALERIE KINCY, | ) | |
| | ) | |
| Defendants. | ) | |

**Order on Defendants' Motion to Dismiss**

Christopher Tewell filed an Amended Complaint against the Marion County Department of Child Services, Virginia Hicks, Jamica Tucker, Vivian Todd-Scott, Rocheena Wright, Beth Dickerson, Terry Stigdon, Wilbert Walton, Ian Muller, and Valerie Kincy, in their individual and official capacities, alleging violations of Tewell's rights under the U.S. Constitution, under various federal laws, and under the Indiana Constitution. (Am. Compl., ECF No. 15.) Defendants filed a motion to dismiss Tewell's claims for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. (ECF No. 48.) Defendants' motion is **granted** for the following reasons.

1

## I. Background

On November 13, 2018, the Indiana Department of Child Service ("DCS") received a report that A.T., E.W., and J.F., were minor victims of neglect due to domestic violence. (ECF No. 15-1 at 73.) Tewell, father of A.T., was identified as the alleged perpetrator. (*Id.*) On December 27, 2018, the Marion Superior Court found that removing the children was necessary, that all parties were present and given an opportunity to be heard at the initial hearing, and that there was sufficient evidence to support the case manager's preliminary inquiry and affidavit of probable cause that A.T. was a child in need of services ("CHINS"). (ECF No. 15- at 19–21.) Tewell challenged the CHINS proceedings in Marion Superior Court. (*See generally* ECF No. 15-1.)

On March 28, 2019, A.T. filed a complaint against the Defendants in this federal court. (Compl., ECF No. 1.) The Court dismissed A.T.'s complaint, with leave to amend the complaint, for lack of subject-matter jurisdiction. (ECF No. 12.) Tewell filed an amended complaint on April 30, 2019. (Am. Compl., ECF No. 15.) The record should reflect that Tewell is now the named Plaintiff.[1] The Court dismissed Tewell's claims for declaratory relief and stayed Tewell's claims for damages until the completion of the CHINS proceedings, ordering Tewell to notify the Court within thirty days of the completion of the state court CHINS proceedings. (ECF No. 16 at 4.) After

---

[1] Plaintiff A.T. by her next friend Christopher Tewell, father, filed the original complaint in this case. (ECF No. 1.) However, the Court dismissed A.T.'s first complaint. (ECF No. 12.) In doing so, the Court informed Tewell, (ECF No. 12 at 4), that he could not bring suit on behalf of a minor as a next friend because he was proceeding *pro se*. *See Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010). Subsequently, Tewell filed, *pro se*, an amended complaint naming himself the Plaintiff.

Tewell notified the Court of the completion of the CHINS proceedings, the Court lifted the stay on Tewell's claims for damages. (ECF No. 23 at 2.)

Tewell, *pro se*, alleges that Marion County Department of Child Services ("MCDCS") Family Case Manager Jamica Tucker unlawfully entered the Tewell home and wrongfully removed A.T., violating Tewell's due process rights. (Am. Compl., ECF No. 15 at 4.) Tewell alleges that Virginia Hicks conspired with Vivian Todd-Scott and Rocheena Wright to cover up A.T.'s sexual abuse allegations and that Hicks failed to investigate A.T.'s allegations. (*Id.* at 5.) Additionally, Tewell alleges that Todd-Scott conspired to keep A.T. away from Tewell and failed to perform her case-manager duties. (*Id.*) Next, Tewell alleges that Wilbert Walton, Tucker, Hicks, and Todd-Scott conspired to commit perjury and falsified documents. (*Id.* at 5–6.) Tewell also alleges that Wright, Beth Dickerson, and Valerie Kincy directed their subordinates to violate Tewell's rights; that Ian Muller conspired to deprive Tewell of due process; and that Terry Stigdon failed to address the "rampant, statewide abuses of parental rights." (*Id.* at 7–8.) Finally, Tewell alleges that MCDCS violated the "rights of all who their gaze lands upon." (*Id.* at 8.)

Tewell claims that his right against unreasonable searches and seizures was violated, U.S. Const. amend. IV; that his due process rights under the federal constitution were violated, *id.* amends. V, XIV; and that his due process rights under the Indiana Constitution were violated, Ind. Const. art. 1, § 12. Tewell also brings civil rights claims, under 42 U.S.C. § 1983 and § 1985, as well as challenging Ind. Code §

31-34-10-2 and 42 U.S.C. § 671(a)(15)(D)(i).  Defendants move to dismiss Tewell's claims for lack of subject-matter jurisdiction and failure to state a claim.

## II. Legal Standard

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction, it must proceed no further." *State of Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998).  The Court "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor" when it reviews a motion to dismiss for lack of subject-matter jurisdiction.  *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001).  The Court looks "beyond the jurisdictional allegation of the complaint and consider[s] any evidence submitted on the issue" to determine if jurisdiction exists.  *Farnik v. FDIC*, 707 F.3d 717, 721 (7th Cir. 2013).

To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In considering a Rule 12(b)(6) motion to dismiss, the Court takes the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019).  A *pro se* complaint should be "liberally construed" and should be "held to a less stringent standard[] than form pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  "[I]f a plaintiff pleads facts that show its suit [is] barred . . . , it may plead

4

itself out of court under a Rule 12(b)(6) analysis." *Orgone Capital*, 912 F.3d at 1044 (quoting *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995)); *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (on a motion to dismiss "district courts are free to consider 'any facts set forth in the complaint that undermine the plaintiff's claim'") (quoting *Hamilton v. O'Leary*, 976 F.2d 341, 343 (7th Cir. 1992)). If it grants a motion to dismiss, the Court will normally allow leave to amend the complaint unless amendment would be "futile or otherwise unwarranted." *O'Boyle v. Real Time Resolutions*, Inc., 910 F.3d 338, 347 (7th Cir. 2018).

## Discussion

Defendants move to dismiss Tewell's claims for lack of subject-matter jurisdiction and failure to state a claim. The Court will address these in turn.

*A. Younger Abstention Bars Plaintiff's Claims*

*Younger* abstention prevents the Court from exercising jurisdiction over Tewell's claims because of Tewell's ongoing state proceeding. In *Younger*, the Supreme Court held that federal courts may not enjoin pending state court proceedings. *Younger v. Harris*, 401 U.S. 37, 53 (1971). The Supreme Court has since held that *Younger* abstention is limited to preventing federal intrusion into ongoing state criminal prosecutions, into state-initiated civil enforcement proceedings, and into civil proceedings that involve the ability of courts to perform their judicial functions. *Spirit Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77–78 (2013)." *Younger* prevents a federal judge from resolving isolated legal issues that might matter to proceedings already before a state agency or judge," *Milchtein v. Chisholm*, 800 F.3d 895, 899 (7th Cir. 2018), and

5

*Younger* has been applied to state-initiated custody litigation, *see, e.g.*, *Moore v. Sims*, 442 U.S. 415, 423 (1979); *Brunken v. Lance*, 807 F.2d 1325, 1330–31 (7th Cir. 1986). Moreover, there is a well-established principle that "federal courts are supposed to leave child-custody disputes to the states." *Milchtein*, 800 F.3d at 899.

Here, Tewell alleges that *Younger* abstention does not apply, because the state court proceedings are complete. Defendants provide record of CHINS proceedings to show that the state court proceedings are indeed ongoing. (Exs. A–B, ECF No. 42.) In response, Tewell argues that if the Court considers the provided records, the Court, under Fed. R. Civ. P. 12(d), must treat Defendants' motion as a motion for summary judgment under Rule 56. The Court disagrees. In deciding whether the Court has jurisdiction, the Court can "consider any evidence submitted on the issue." *Farnik v. FDIC*, 707 F.3d 717, 721 (7th Cir. 2013). Therefore, the Court views this evidence for the sole purpose of deciding whether it has subject-matter jurisdiction in this case. The Court agrees with Defendants that the state court proceedings are incomplete. Indeed, Tewell concedes that his case is on "active appeal." (ECF No. 47 at 2.) This Court is prevented by *Younger* abstention from reviewing those state court proceedings, even though it is alleged that the proceedings deprived Tewell of his federal rights. *See, e.g.*, *Ritter v. Ross*, 992 F.2d 750 (7th Cir. 1993).

*B. Defendants, Acting in their Official Capacities, Are Immune from Suit*

Defendants, acting in their official capacities, are immune from suit under the Eleventh Amendment. U.S. Const. amend. XI. The Eleventh Amendment "grants states immunity from private suits in federal court without their consent." *Nuñez v. Ind. Dept. of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016). States are also immune from suits by their own citizens, *Ameritech Corp. v. McCann*, 297 F.3d 582, 585 (7th Cir. 2002), brought under federal and state law claims, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). Immunity is also granted to state officials sued in their official capacities. *See Joseph v. Bd. of Regents*, 432 F.3d 746, 748 (7th Cir. 2005). The Eleventh Amendment bars suits "by private parties seeking to impose a liability which must be paid from public funds in the state's treasury . . . ." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

Here, Tewell is alleging claims against Defendants in their official capacities. Suits against state agencies are barred by the Eleventh Amendment. *See Ind. Prot. & Advoc. Servs. v. Ind. Fam. & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010); *see also Hetherington v. Dep't of Child Servs.*, No. 2:11-cv-62, 2012 WL 523712, at \*3 (N.D. Ind. Feb. 14, 2012). Tewell claims that MCDCS is a municipal agency and is, therefore, not provided Eleventh Amendment immunity. Tewell is incorrect. The MCDCS is an office of the DCS located in Marion County, Indiana, and is, thus, entitled to Eleventh Amendment immunity. Defendants, in their official capacities, are also granted Eleventh Amendment immunity. *See Brokaw v. Mercer Cnty.*, 235 F.3d

100, 1009 (7th Cir. 2000). Moreover, Tewell has not alleged any exceptions to Eleventh Amendment immunity.

Tewell's alleged claims under § 1983 are barred. "Every person who, under the color of . . . [law] subjects, or causes to be subjected, any citizen of the United States . . .to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. States, however, are not "persons" liable for money damages under § 1983. *Will v. Mich. Dep't of Soc. Servs.*, 491 U.S. 58, 64 (1989). "State agencies like the [Indiana Department of Child Services] are arms of the state and, as such, are entitled to Eleventh Amendment immunity." *Lamaster v. Ind. Dep't of Child Servs.*, No. 4:18-cv-00029, 2019 WL 1282043, at *5 (S.D. Ind. Mar. 20, 2019) (citing *Nuñez*, 817 F.3d at 1044). Because MCDCS is considered an arm of the state of Indiana, it is not considered a "person" under § 1983. *See Will*, 491 U.S. at 70; *see also Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). Similarly, because Tewell is alleging claims against the rest of the Defendants in their official capacities, they too are not considered "persons" under § 1983. *See Will*, 491 U.S. at 71.

Tewell also alleges that Hicks, Muller, Todd-Scoot, Tucker, Walton, and Wright conspired to cover up A.T.'s sexual abuse allegations, to keep A.T. away from Tewell, to commit perjury, and to falsify documents. The Court liberally construes Tewell's amended complaint and takes Tewell's allegations of conspiracy to be claims under 42 U.S.C. § 1985. However, the intra-corporate conspiracy doctrine bars Tewell's claims. Tewell's amended complaint fails to allege that the first element of proving

8

either a § 1985(2) or a § 1985(3) claim can be met. That element is "a conspiracy by the defendants." *Keri v. Bd. of Trs. Of Purue Univ.*, 458 F.3d 620, 642 (7th Cir. 2006); *Wright v. Ill. Dep't of Child. & Fam. Servs.*, 40 F.3d 1492, 1507 (7th Cir. 1994). The first element cannot be met because, according to the intra-corporate conspiracy doctrine, "the defendant[s] would have to have . . . co-conspirators with whom to conspire. In a corporate conspiracy, co-conspirators must be outside of the corporation." *Keri*, 458 F.3d at 642. Agencies such as MCDCS are "functionally equivalent to corporations" under the doctrine. *Wright*, 49 F.3d at 1508. Therefore, Tewell's claims are barred because "intra-entity discussions" are not within the scope of § 1985. *Id.*

Tewell additionally alleges state law claims against Defendants in their official capacities. These claims are also barred. Because the Eleventh Amendment bars suit against Defendants in their official capacities, the Court lacks original jurisdiction and, by definition, cannot have supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367(a). *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541–42 (2002). Defendants are also immune from Tewell's state law claims under Indiana Code, which states that the director, officers, and employees of DCS "are not personally liable, except to the state, for an official act done or omitted in connection with performance of duties . . . ." Ind. Code § 31-25-2-2.5. Moreover, drawing all reasonable inferences in Tewell's favor, Tewell may have alleged violations under the Indiana Tort Claims Act; however, Tewell disclaimed any such claim. (*See* ECF No. 47 at 3) ("Plaintiff does not make any claims under the Indiana Tort Claims Act.").

*C. Tewell Fails to State a Claim Upon Which Relief Can be Granted*

Tewell fails to state a claim upon which relief can be granted against Defendants in their individual capacities.[2] The Court draws all reasonable inferences in Tewell's favor, and his amended complaint is liberally construed because he is *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Yet, the remainder of Tewells claims fail to provide Defendants fair notice of what the basis of his claims are. *See McCray v. Wilkie*, 966 F.3d 616, 620 (7th Cir. 2020) (A complaint must "give the defendant[s] fair notice of what claim[s] the plaintiff is making and what the basis for [those] claims [are].").

For example, Tewell alleges that Hicks failed to investigate A.T.'s allegations, that Todd-Scott failed to preform her case-manager duties, and that Stigdon failed to address the purportedly rampant, statewide abuses of parental rights. Tewell, however, does not provide a basis for his claims. These claims do not properly allege enough facts to state a claim to relief that is plausible on its face and the claims fail to provide Hicks, Todd-Scott, or Stigdon with adequate notice.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss (ECF No. 40) is **granted**. The Court does not grant Tewell leave to amend because doing so would be futile, given that Tewell was already granted leave to amend and failed to cure the defects. This matter is closed and a final judgment will be issued accordingly.

**SO ORDERED.**

---

[2] Here, the Court is addressing all Defendants except MCDCS, which is, as previously discussed, immune from suit under the Eleventh Amendment.

Date: 9/21/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution through CM/ECF to all registered counsel of record.